UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEADRIA FARMER-PAELLMANN, *et al.*,

Plaintiffs,

v.

SMITHSONIAN INSTITUTION,

Defendant.

Case No. 22-cv-3048 (CRC)

## MEMORANDUM OPINION

Plaintiffs, Deadria Farmer-Paellmann and Restitution Study Group, sought injunctive relief and, later, a temporary restraining order ("TRO") to prevent the Smithsonian Institution from repatriating a portion of its collection of artifacts known as the "Benin Bronzes" to a national museum in Nigeria. Plaintiffs alleged that transferring 29 of the 39 Benin Bronzes in the Smithsonian's collection would exceed its authority, breach the Smithsonian's trust relationships with the people of the United States and U.S. citizens of West African descent, and unjustly enrich the receiving museum. This Court denied the TRO request, finding that Plaintiffs were unlikely to succeed on their claims because they lacked standing, failed to assert any valid cause of action, and had not alleged that irreparable harm would occur if the Bronzes were transferred. Op. and Order, ECF No. 10, at 1, 3. Plaintiffs appealed, but withdrew the appeal and expressed intent to amend their complaint "in the next two weeks." Pls.' Notice of Withdrawal, ECF No. 13, at 1. Three months have passed, however, and Plaintiffs have yet to seek leave to file an amended complaint. The Court is left with Plaintiffs' original complaint

seeking to enjoin the Smithsonian from transferring title of the Bronzes, which the Smithsonian moved to dismiss at the same time it opposed Plaintiffs' TRO request.[1]  The motion is granted.

For myriad reasons, the Court lacks subject-matter jurisdiction to hear the case.  See Worth v. Jackson, 451 F.3d 854, 857 (D.C. Cir. 2006) (explaining that "standing, mootness, and ripeness doctrines" establish the boundaries of the court's subject-matter jurisdiction).  To start, Plaintiffs' claims now appear moot because title to the Bronzes has already been transferred.[2]  Plaintiffs must retain a justiciable controversy throughout the litigation, and a case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  See Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 160–61 (2016).  A moot case must be dismissed.  Id.  Here, Plaintiffs seek to permanently enjoin the Smithsonian from transferring title of the Bronzes.  Compl. at 19–20.  But as has been widely reported and officially confirmed by the U.S. government, the Smithsonian already transferred ownership of the 29 Benin Bronzes at issue on October 11, 2022.[3]  See, e.g., Kelsey Ables, Smithsonian gives back 29 Benin bronzes to Nigeria: 'We are not owners', Wash. Post (Oct. 11, 2022, 4:57 PM), https://perma.cc/JJ5A-Q53A; Michael Laff, 30 Benin Bronzes Returned to Nigeria, U.S. Embassy and Consulate in Nigeria (Oct. 17, 2022), https://perma.cc/62ZF-76AF.  Accordingly, there is no relief the Court can grant to Plaintiffs, so the case must be dismissed as moot.

---

[1] Plaintiffs opposed the motion to dismiss alongside their reply to the government's TRO opposition.  See Pls.' Mem. in Opp'n to Mot. Dismiss, ECF No. 9.

[2] While the Smithsonian did not raise the issue of mootness in its motion to dismiss, which was filed before the transfer, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists."  Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

[3] When analyzing subject-matter jurisdiction, the Court may consider materials outside the pleadings.  See Settles v. U.S. Parole Comm'n, 429 F.3d 1098, 1107 (D.C. Cir. 2005).

Even if the Court interpreted the complaint broadly to avoid mootness issues, Plaintiffs still would lack standing to pursue their claims. To have standing, a plaintiff "must have suffered an injury in fact" that is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical[.]" Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (cleaned up). Even assuming Plaintiffs intended to enjoin the Smithsonian from transferring the remaining ten Bronzes in its collection, there are no allegations to support that another transfer is "actual or imminent." Such an injury would be "too speculative" to support standing. See Clapper v. Amnesty Intern. USA, 568 U.S. 398, 409 (2013).

Moreover, even if Plaintiffs have standing, they have failed to assert any valid causes of action to challenge the Smithsonian's decision to transfer the Bronzes, as the Court explained in its TRO ruling. Op. and Order, ECF No. 10, at 1. To recap, Plaintiffs' *ultra vires* claim fails because the Smithsonian is explicitly empowered to "transfer" works in its collection, 20 U.S.C. § 80m(a)(2); Plaintiffs' allegations about breaches of trust relationships falter because the "United States, as trustee, holds legal title to the original Smithson trust property and later accretions," not U.S. citizens or any subsection of U.S. citizens, see Dong v. Smithsonian Inst., 125 F.3d 877, 883 (D.C. Cir. 1997); and Plaintiffs' unjust enrichment claim does not allege that the Smithsonian has received a benefit from the Plaintiffs without adequate compensation, see Rapaport v. U.S. Dep't of Treasury, Off. of Thrift Supervision, 59 F.3d 212, 217 (D.C. Cir. 1995).

The Court will, accordingly, grant Defendant's motion and dismiss the case.

A separate order will follow.

CHRISTOPHER R. COOPER  
United States District Judge

Date:  July 5, 2023